## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

POSTAL POLICE OFFICERS
ASSOCIATION
900 Brentwood Rd NE
Room 2106
Washington, DC 20066,

     Plaintiff,

vs.

UNITED STATES POSTAL SERVICE
475 L'Enfant Plaza SW
Washington, DC 20260,

     Defendant.

Civil No.

---

## PETITION TO CONFIRM AND ENFORCE
## AN ARBITRATION DECISION

Plaintiff Postal Police Officers Association ("the Union") brings this Petition

pursuant to 39 U.S.C. §1208(b) and Section 9 of the Federal Arbitration Act, 9

U.S.C. §9, to confirm and enforce an arbitration decision issued by Arbitrator Barry

Simon on February 21, 2023. In support, the Union alleges as follows:

### PARTIES

1.    Plaintiff Union is a labor organization that represents for purposes of

collective bargaining a unit of approximately 350 police officers employed by the

Defendant Postal Service.  Plaintiff Union has been party to successive collective

bargaining agreements with the Postal Service.

2.     Defendant Postal Service is an independent establishment of the Executive Branch of the U.S. Government created by 39 U.S.C. §101.  The Postal Service is headquartered at 475 L'Enfant Plaza SW, Washington, DC 20260.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction pursuant to 39 U.S.C. §§409 and 1208, and under 28 U.S.C. §§1331, 1337, 2201, and 2202.

4.     Venue is proper pursuant to 39 U.S.C. §1208(b) and 28 U.S.C. §1391.

## CAUSE OF ACTION
### FAA (9 U.S.C. §9) and PRA (39 U.S.C. §1208)

### *The Postal Reorganization Act of 1970*

5.     Pursuant to the Postal Reorganization Act of 1970, the Postal Service is—like private-sector employers—subject to the jurisdiction of the National Labor Relations Board.  39 U.S.C. §1203.  The Postal Reorganization Act further set up a system of union-representation for postal employees that is borrowed from the National labor Relations Act of 1937.  39 U.S.C. §1204.

6.     The Postal Reorganization Act provides that collective bargaining agreements between the Postal Service and its unions may contain language allowing for binding arbitration of disputes (39 U.S.C. §1206(b)), calls for mandatory interest arbitration to resolve bargaining disputes between the parties (39 U.S.C. §1207), and makes the promises in those agreements enforceable in the federal courts (39 U.S.C. §1208).

*The Union's CBAs with the Postal Service*

7.     Pursuant to the Postal Reorganization Act, the Plaintiff Union is the certified collective-bargaining representative for the postal police officers (PPOs) employed by the Postal Service around the United States.  As of the early 1980s, there were approximately 3,000 PPOs.  As of October 2020, there were approximately 425 PPOs.  As of the date of this filing, there are now only 344 PPOs remaining, a reduction of approximately 28% from the start of 2020.

8.     The Association and USPS have been parties to a series of collective bargaining agreements setting forth the terms and conditions of employment of postal police officers.

9.     At all relevant times, Article 5 has set forth the parties' agreement regarding "unilateral action."  The parties agreed that "[t]he Employer will not take any action affecting wages, hours, and other terms and conditions of employment as defined in Section 8(d) of the National Labor Relations Act (29 USC §158(d)) which violate the terms of this Agreement or are otherwise inconsistent with its obligations under law."

10.     At all relevant times, Article 19 has set forth the parties' agreement regarding postal handbooks and manuals.  The parties agreed that "[t]hose parts of all handbooks, manuals and published regulations of the Postal Service that directly relate to wages, hours or working conditions, as they apply to PPOs covered by this Agreement, shall contain nothing that conflicts with this Agreement and shall be continued in effect except that the Employer shall have the right to make

changes that are not inconsistent with this Agreement and that are fair, reasonable, and equitable."

11.    At all relevant times, Article 15 has set forth a grievance-arbitration procedure to resolve disputes between the parties.   The parties agreed that unresolved grievances would be resolved by arbitrator, whose "decision shall be final and binding."  Section 15.05(b).

12.    A dispute arose between the parties in August 2020 concerning the Postal Service's decision to unilaterally change its position on the law-enforcement authority of Postal Police Officers.  By memo dated August 25, 2020, the Postal Service directed its managers to cease use of PPOs nationwide on mail-protection, carrier-protection, and other law-enforcement activity away from the confines of postal real estate. The memo stated that the Postal Service had decided that PPOs now lacked any law-enforcement authority away from postal real estate and thus could no longer be used to perform those functions.  The Postal Service ordered its police officers to stop investigating and preventing mail theft and mail tampering, crimes against postal employees, and all community-policing efforts except within post office buildings.

13.    Pursuant to its collective bargaining agreement with the Postal Service, the PPOA filed a national level grievance on September 8, 2020 protesting the memo and its statement of limited jurisdictional authority for PPOs.

14.    The Union's grievance alleged that the Postal Service had improperly changed its official policy regarding PPOs' jurisdictional authority.  It alleged that

the Postal Service had previously taken the official position—in published Postal Service handbooks—that PPOs did have jurisdictional authority away from postal real estate while on mobile patrols and on escort-protection details, among others. The Union's grievance asked that the Postal Service's new position be rescinded.

### The 2020 Lawsuit

15.     In addition to the grievance, the Union also filed a federal lawsuit seeking to enjoin the Postal Service's adopting of the new position   That case was filed in this Court and docketed as Case No. 20-CV-2566 (CRC).

16.     The Union asked this Court to issue a preliminary injunction enjoining the Postal Service from changing PPO's jurisdictional authority and otherwise to rescind the August 2020 memo.

17.     The Union alleged that an injunction was warranted because the Postal Service's actions were ultra vires under 18 U.S.C. §3061 and because of 39 U.S.C. §3661.  The Union also alleged that an injunction was needed to preserve the status quo ante while the Union's grievance was awaiting arbitration.

18.     The Postal Service conceded that the Union's grievance was properly put before an arbitrator.  The Postal Service argued that no injunction was warranted because a) it had not acted ultra vires and b) the status quo would not be changed while an arbitration was pending.

19.     This Court issued a decision denying the requested injunction. The Court held that the Postal Service had not acted ultra vires.   The Court did not examine the Union's claim that the Postal Service had violated its own handbooks

(which the Union argued constituted regulations) because the Court held that regulations could not be analyzed in an ultra-vires review.

20.      The Court held that the Union had not shown that a status-quo-ante injunction was needed to preserve the situation pending arbitration.  The Court recognized that the parties' dispute about whether the Postal Service's had properly changed its official position would be decided by an arbitrator.

### *The Arbitration before Arbitrator Barry Simon*

21.      The parties selected Arbitrator Barry Simon to resolve their dispute over the grievance.  Mr. Simon is a member of the National Academy of Arbitrators.

22.      The parties presented witnesses and documentary exhibits during three days of hearing in 2022.  Two of the hearing days were conducted in person in the District of Columbia and the third day was conducted virtually.  The parties submitted post-hearing briefs setting forth their respective positions.

23.      Arbitrator Simon issued his decision on February 21, 2023.  A true and correct copy of his decision is attached as Attachment A.

24.      Arbitrator Simon found that the Postal Service had adopted an official position on PPOs' jurisdictional authority in the IS-701 and IS-702 handbooks, as amended.  He further found that this official position recognized that PPOs properly possessed their law-enforcement authority away from postal real estate in at least three different circumstances: 1) when PPOs were conducting mobile patrols away from postal real estate; 2) when PPOs were conducting escort-protection details away from postal real estate; and 3) when PPOs were engaged in hot pursuit.

6

25.     Arbitrator Simon further found that the Postal Service's professed new position—that PPOs actually lacked jurisdictional authority away from postal real estate—was contrary to the previous official policy that was written into the postal handbooks.

26.     Arbitrator Simon considered and rejected the Postal Service's many arguments and defenses.  He concluded that the Postal Service was bound by its previous-stated official position and was prohibited from deviating from that position.  The only way for the Postal Service to change its position would be if it properly amended those handbooks under the process set forth in Article 19; that process would require the Postal Service, *inter alia*, to successfully persuade an arbitrator that its proposed changes to the handbooks were fair, reasonable, and equitable.

27.     Arbitrator Simon specifically ordered the Postal Service to rescind the August 2020 memo, to disavow any professed position on PPOs' law-enforcement jurisdiction that differs from the one set forth in the handbooks, and otherwise to comply with the handbooks.

28.     Following its receipt of the February 21 decision, the Postal Service has evidently refused to abide by Arbitrator Simon's decision. For example, it informed its managers and supervisors that it did not believe it needed to comply with the decision.  It has published the same position to news media outlets.  It has failed to answer inquiry from the Union as to its plans.

29.     The Union and the PPOs it represents are without an adequate remedy at law and are suffering irreparable injury because the Postal Service has refused and is refusing to comply with its obligations under the CBA and the decision of Arbitrator Simon.

30.     The decision issued by Arbitrator Barry Simon was free of objectionable error and should be confirmed and enforced.

**PRAYER FOR RELIEF**

WHEREFORE, the Union prays for relief as follows:

A.     That the Court confirm and enforce the decision issued by Arbitrator Simon on February 21, 2023;

B.     That the Court award the Union its costs and reasonable attorneys' fees for having to prosecute this action; and

C.     That the Court grant any other relief in favor of the Union that it deems just and proper.

Dated March 13, 2023                    Respectfully submitted,


 s/ Arlus J. Stephens
Arlus J. Stephens (478938)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Tel.: 202-223-2620
Fax: 202-296-9600
Email: astephens@murphypllc.com

Counsel for Postal Police Officers Association